# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>KARINA PILAR FREUND,<br><br>  Defendant. | No. 08-CR-1324-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Karina Pilar Freund's "Motion for Recusal" (docket nos. 33 & 40).

## *II. RELEVANT PRIOR PROCEEDINGS*

On September 17, 2008, a grand jury charged Defendant in a one-count Indictment (docket no. 1).[1] Count 1 of the Indictment charges Defendant with Harboring and Aiding and Abetting the Harboring of Undocumented Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II) and (a)(1)(B)(ii). Specifically, Count 1 of the Indictment charges that, between about March of 2007 and May of 2008, in the Northern District of Iowa, Defendant

> did harbor, and aid and abet the harboring of, one or more illegal aliens at her place of employment in Postville, Iowa, knowing and in reckless disregard of the fact that such aliens had come to, entered and remained in the United States in violation of law.

Indictment at 1.

---

[1] On September 8, 2008, the government filed a Criminal Complaint, in which it alleged Defendant "did . . . aid and abet harboring of undocumented aliens," in violation of 8 U.S.C. § 1324(a) and 18 U.S.C. §§ 1546(a) and 2. *See United States v. Freund*, No. 08-MJ-326-JSS (docket no. 1). The Indictment superseded the Criminal Complaint.

On October 8 and 9, 2008, Defendant filed the Motion.[2] On October 17, 2008, the government filed a Resistance (docket no. 44). Defendant did not file a reply.

Neither party requested oral argument on the Motion. The court finds oral argument is not necessary. The Motion is fully submitted and ready for decision.

### III. LEGAL STANDARD

Defendant asks the undersigned to recuse from this case, pursuant to 28 U.S.C. § 455(a). In relevant part, § 455(a) states:

> Any . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.

28 U.S.C. § 455(a). In other words, "[a] judge must recuse if '[her] impartiality might reasonably be questioned' because of bias or prejudice." *United States v. Burnette*, 518 F.3d 942, 945 (8th Cir. 2008) (quoting 28 U.S.C. § 455)), *cert. denied*, 2008 WL 2364260 (U.S. Oct. 6, 2008) (No. 07-11317).

"Section 455(a) provides an objective standard of reasonableness." *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006). "The issue is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Id.* (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)). "Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." *Id.* (citing *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

### IV. ANALYSIS

Defendant does not any present evidence or state with particularity the reasons why the undersigned should recuse herself from the instant case. Instead, Defendant refers the

---

[2] Counsel for Defendant failed to attach the brief to the Motion, in violation of Local Rule 7.d.

undersigned generally to a motion to recuse that the undersigned recently denied in a related case, *United States v. De La Rosa-Loera*, No. 08-CR-1313-LRR (N.D. Iowa) (filed July 17, 2008). Defendant does not, however, expressly ask the undersigned to incorporate the record made in *De La Rosa-Loera* into her case.

From the meagre record presently before the court, it appears that Defendant and the defendant in *De La Rosa-Loera* are similarly situated for purposes of the Motion. Whereas the defendant in *De La Rosa-Loera* was a supervisor at Agriprocessors, Inc., Defendant was employed in Agriprocessors, Inc.'s human resources department. Neither was present on the date of the immigration raid, and neither was living or working in the United States illegally. Defendant represents to the court that she was not even in the country on the date of the raid.

Because (1) the court, the defendant in *De La Rosa-Loera* and the government made a more complete record in *De La Rosa-Loera*; (2) Defendant's arguments are subsumed entirely within the arguments of the defendant in *De La Rosa-Loera*; and (3) Defendant repeatedly references *De La Rosa-Loera* and the arguments and evidence therein, the court finds that the most appropriate procedure under the circumstances is to incorporate the record of the *De La Rosa-Loera* recusal issue into the present case. Accordingly, the court formally incorporates by reference the following documents from *De La Rosa-Loera* into the case at bar: Order (docket no. 60 in case no. 08-CR-1313-LRR), Motion (docket no. 30 in case no. 08-CR-1313-LRR), Resistance (docket no. 41 in case no. 08-CR-1313-LRR) and Reply (docket no. 50 in case no. 08-CR-1313-LRR).

Accordingly, the court shall deny the Motion for the reasons set forth in the court's Order (docket no. 60 in case no. 08-CR-1313-LRR) denying the Motion (dockent no. 30 in case no. 08-CR-1313-LRR), except the reason set forth in Footnote 6 of such Order.[3]

---

[3] Unlike the defendant in *De La Rosa-Loera*, Defendant has not pled guilty. Trial
(continued…)

## V. DISPOSITION

The Motion (docket nos. 33 & 40) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 24th day of October, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[3](…continued)
is set to begin during the two-week period beginning on November 17, 2008.